1
2
3
4
5
6
7

8          # UNITED STATES DISTRICT COURT
9          # SOUTHERN DISTRICT OF CALIFORNIA

10

11   GENGHIS KHAN ALI STEVENSON,          Civil No.    10cv2663 JLS (JMA)
     CDCR # P-46050
12                                         **ORDER:**
                            Plaintiff,
13                                         **(1) DENYING MOTION FOR
                                           APPOINTMENT OF COUNSEL
14                                         [ECF No. 6] AND**
              vs.
15                                         **(2)  DISMISSING ACTION FOR
                                           FAILING TO STATE A CLAIM AND
16                                         FOR SEEKING MONETARY
     RYAN THOMAS HARMON, Correctional      DAMAGES AGAINST
17   Officer; JOHN DOE,                    DEFENDANTS WHO ARE IMMUNE
                                           PURSUANT
18                                         TO 28 U.S.C. §§ 1915(e)(2)(B)
                            Defendants.    & 1915A(b)**
19

20

21

22                              **I.**

23                       **PROCEDURAL HISTORY**

24          On December 23, 2010, Plaintiff, a state inmate currently incarcerated at Kern Valley

25   State Prison located in Delano, California, and proceeding pro se,  filed a civil rights Complaint

26   pursuant to 42 U.S.C. § 1983.    In addition, Plaintiff filed a Motion to Proceed *In Forma*

27   *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion for Appointment of

28   Counsel.  On February 23, 2011, the Court granted Plaintiff's Motion to Proceed *IFP*, denied

his Motion for Appointment of Counsel and dismissed his Complaint for seeking monetary damages against an immune Defendant. *See* Feb. 23, 2011 Order at 5-6. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 6. On March 16, 2011, Plaintiff filed his First Amended Complaint ("FAC"), along with his second Motion to Appoint Counsel.

## II.

### MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

*See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  Here, however, even presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick,* 213 F.3d at 446, n.1.

As an initial matter, the Court finds that Plaintiff's claims are barred by the applicable statute of limitations.  Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954

1   (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Before 2003, California's

2   statute of limitations was one year.  *Jones*, 393 F.3d at 927.  Effective January 1, 2003, the

3   limitations period was extended to two years.  *Id.* (citing CAL. CIV. PROC. CODE § 335.1).  The

4   two-years limitations period, however, does not apply retroactively.  *Canatella v. Van de Kamp*,

5   486 F.3d 1128, 1132-22 (9th Cir. 2007) (citing *Maldonado*, 370 F.3d at 955).

6   Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause

7   of action is a question of federal law that is not resolved by reference to state law." *Wallace v.

8   Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law

9   governs when a § 1983 cause of action accrues).  "Under the traditional rule of accrual ... the tort

10  cause of action accrues, and the statute of limitation begins to run, when the wrongful act or

11  omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955

12  ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the

13  injury which is the basis of the action." ).

14  Here, Plaintiff claims that he was falsely arrested on June 11, 2006.  (*See* FAC at 2.)

15  Thus, Plaintiff would have reason to believe that his constitutional rights were violated more

16  than four years ago.  *Id.*; *see also Maldonado*, 370 F.3d at 955.  However, Plaintiff did not file

17  his Complaint in this case until December 23, 2010, which exceeds California's statute of

18  limitation.  *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927.

19  Plaintiff does not allege any facts to suggest how or why California's two-year statute

20  of limitations might be tolled for a period of time which would make his claims timely.  *See*,

21  *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during

22  a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL.

23  CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January

24  1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the

25  statute would result in a "manifest injustice.").  As it appears that Plaintiff has been incarcerated

26  since 2006, pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in June of 2006,

27  would be tolled for two years. California's two-year statute of limitations would then begin to

28  run -- requiring Plaintiff to file this action against these Defendants no later than June of 2010.

1   *See Wallace v. Kato*, 549 U.S. 384 (2007) (Supreme Court holds that statute of limitations upon

2   § 1983 claim seeking damages for false arrest, where arrest is followed by criminal proceedings,

3   begins to run at time claimant becomes detained pursuant to legal process.)

4          Generally, federal courts also apply the forum state's law regarding equitable tolling.

5   *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988).   Under

6   California law, however, a plaintiff must meet three conditions to equitably toll a statute of

7   limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product

8   of forces beyond his control; and (3) the defendants must not be prejudiced by the application

9   of equitable tolling.   *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328,

10   1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978);

11   *Fink*, 192 F.3d at 916.   Here, however, Plaintiff has failed to plead any facts which, if proved,

12   would support the equitable tolling of his claims.   *See Cervantes v. City of San Diego*, 5 F.3d

13   1273, 1277 (9th Cir. 1993).   Thus, Plaintiff's entire action must be dismissed as barred by the

14   statute of limitations.

15          In Plaintiff's First Amended Complaint, he seeks to hold Defendant Harmon liable for

16   "malicious prosecution" arising from a criminal proceeding in Imperial County Superior Court

17   wherein Plaintiff was indicted for battery based on the events that occurred in June of 2006.

18   (*See* FAC at 5.)  Plaintiff later received a dismissal of the criminal charges.  Plaintiff alleges that

19   Defendant Harmon perjured himself while giving grand jury testimony and fabricated reports

20   with regard to the alleged incident.  (*Id.*)

21          In order to state a claim for malicious prosecution under § 1983, Plaintiff must show that

22   "defendants prosecuted [him] with malice and without probable cause, and that they did so for

23   the purpose of denying [him] equal protection or another specific constitutional right."  *Freeman*

24   *v. City of Santa Ana*, 68 F.3d 1180, 1188 (9th Cir. 1995) (citations omitted).  In his Complaint,

25   Plaintiff claims that there was no probable cause because there "was a physical assault against

26   Plaintiff" by Defendants.  (FAC at 4.)   Here, the Court takes judicial notice of *Stevenson v.*

27   *Harmon, et al.*, S.D. Cal. Civil Case No. 07cv0277 W (PCL).  A court "may take notice of

28   proceedings in other courts, both within and without the federal judicial system, if those

proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  In this matter, Plaintiff sought to hold Defendant Harmon liable for excessive force claims and alleged failure to protect claims as to Sergeant Velasco based on the same set of facts currently before this Court.  United States District Judge Whelan, in adopting the Magistrate Judge's Report and Recommendation, found in favor of Defendants and noted "there is no evidence in the record suggesting that Defendants acted with improper motive."  *See* S.D. Cal. Civil Case No. 07cv0277 W (PCL), March 19, 2009 Order at 7. In this matter, Plaintiff cannot allege facts to show that there was a lack of probable cause based on the alleged physical altercation that formed the basis of his already failed excessive force claim.  Thus, Plaintiff's malicious prosecution claims are dismissed for failing to state a claim upon which relief may be granted.

Finally, to the extent that Plaintiff seeks monetary damages from Defendant Harmon, a witness during his criminal trial,  for allegedly committing perjury, Defendant Harmon is absolutely immune.  *See* 28 U.S.C. § 1915(e)(2)(b)(iii); § 1915A(b)(2). "Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001)  (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)).  "Witness immunity also extends to conspiracies to commit perjury." *Id.* (citing  *Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000). *See also Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings); *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1986).

Thus, the claims against Defendant Harmon must be dismissed for seeking monetary damages against an immune Defendant.

Accordingly, the Court finds that Plaintiff's entire First Amended Complaint must be dismissed for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.  If Plaintiff chooses to file an Amended Complaint, he is cautioned that he may not re-allege any claims that arose in *Stevenson v. Harmon*, *et al.*, S.D.

Cal. Civil Case No. 07cv0277 W (PCL). This Court takes judicial notice that Defendant Harmon's Motion for Summary Judgment as to Plaintiff's excessive force claims was granted in that matter and the Court's ruling was later affirmed by the Ninth Circuit Court of Appeals.

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.       Plaintiff's Motion to Appoint Counsel is **DENIED** [ECF No. 6].

**IT IS FURTHER ORDERED** that:

2.       Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim and for seeking monetary damages against immune defendants. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

**DATED:  May 24, 2011**

*Janis L. Sammartino*
**Honorable Janis L. Sammartino**
**United States District Judge**