1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                          **SOUTHERN DISTRICT OF CALIFORNIA**

8

9   GENGHIS KHAN ALI STEVENSON,                    Case No.      3:10-cv-02663-JLS (JMA)
    CDCR #P-46050,
10
                                                   **ORDER GRANTING IN PART AND**
11                                  Plaintiff,      **DENYING IN PART DEFENDANT'S**
                                                   **MOTION TO DISMISS PLAINTIFF'S**
12              vs.                                 **SECOND AMENDED COMPLAINT**
                                                   **PURSUANT TO FED.R.CIV.P. 12(b)(6)**
13  RYAN THOMAS HARMON;
    JOHN DOE,                                      **(ECF No. 14)**
14
                                    Defendants.
15

16          Presently before the Court is Defendant Ryan Thomas Harmon's ("Defendant Harmon")

17  Motion to Dismiss Plaintiff's Second Amended Complaint.  (MTD, ECF No. 14)  Also before the

18  Court is Plaintiff Genghis Khan Ali Stevenson's ("Plaintiff") opposition, (Resp. in Opp'n, ECF No.

19  15), and Defendant Harmon's reply, (Reply in Supp., ECF No. 16).  The Court has determined that

20  Defendant Harmon's motion is suitable for disposition on the papers without oral argument and that

21  no Report and Recommendation from Magistrate Judge Jan M. Adler is necessary.  *See* S.D. CAL.

22  CIVLR 7.1(d)(1), 72.3(e).  Having considered the parties' arguments and the law, the Court

23  **GRANTS IN PART AND DENIES IN PART** Defendant's motion.

24                                        **BACKGROUND**

25  **1.  Procedural History**

26          Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California, and is

27  proceeding pro se and *in forma pauperis* ("IFP") in this civil rights action filed pursuant to 42 U.S.C.

28  § 1983.  On December 23, 2010, Plaintiff filed his Complaint, naming Defendants Harmon and John

1    Doe.  (Compl., ECF No. 1)  On February 23, 2011, the Court granted Plaintiff's Motion to Proceed

2    IFP, denied Plaintiff's Motion for Appointment of Counsel, and dismissed Plaintiff's Complaint for

3    seeking monetary damages against immune defendants.  (Order, Feb. 23, 2011, at 6, ECF No. 4)

4    Plaintiff was granted leave to file an Amended Complaint, which he did on March 16, 2011.  (Am.

5    Compl., ECF No. 5)  Once again, the Court dismissed Plaintiff's Amended Complaint and permitted

6    Plaintiff leave to file a Second Amended Complaint ("SAC") in order to correct the deficiencies of

7    pleading identified by the Court.  (Order, May 24, 2011, at 7, ECF No. 7)  Plaintiff filed his SAC on

8    August 2, 2011.  (SAC, ECF No. 9)  The Court directed the U.S. Marshal's Service to effect service

9    of the SAC on the named Defendants.  (Order, Nov. 2, 2011, ECF No. 10)  And, on January 20,

10   2012, Defendant Harmon filed the instant Motion to Dismiss Plaintiff's SAC pursuant to Federal

11   Rule of Civil Procedure 12(b)(6).  (MTD, ECF No. 14)

12   **2.  Factual Background**[1]

13        On June 11, 2006, Plaintiff was housed at Calipatria State Prison in the Administrative

14   Segregation Unit ("Ad-Seg").  Plaintiff alleges that he was physically assaulted by Defendant

15   Harmon,[2] and that he verbally informed Defendant Harmon's supervisor, Sergeant Velasco, that this

16   use of force had occurred.  Sergeant Velasco then escorted Plaintiff to the Ad-Seg medical facility,

17   and Plaintiff told Sergeant Velasco that he feared for his life "and was not comfortable around

18   [Defendant Harmon] or the other officers."

19        As Sergeant Velasco and Plaintiff were leaving the medical facility, Plaintiff informed

20   Sergeant Velasco that he was bleeding and that he needed to seek additional medical attention and to

21   report the injury.  Plaintiff claims Defendant Harmon overheard this conversation and that

22   Defendant Harmon "immediately took action and tackle[d] Plaintiff to the ground."  Following this

23   incident, Plaintiff alleges Defendant Harmon "falsely accused" Plaintiff of assault and Defendant

24

25

26   [1] The factual background is based on the factual allegations as set forth in Plaintiff's SAC.  (*See generally* SAC, ECF No. 9)

27   [2] The Court notes that Plaintiff's Eighth Amendment claims against Defendant Harmon and

28   Sergeant Velasco—who is not a Defendant in this action—have been adjudicated and are not part of the claims made in the action currently before the Court.  *See Stevenson v. Harmon*, S.D. Cal. Civil Case No. 3:07-cv-00277-W-PCL ("Stevenson I").

1  Harmon submitted a "fabricated report (evidence) for criminal prosecution."[3]

2      Based on Defendant Harmon's allegedly false report, Plaintiff asserts that he received a

3  Rules Violation Report in June of 2006, and that on September 26, 2008, he was indicted by the

4  Imperial County Grand Jury for "battery on a non-confined person by prisoner."  Plaintiff alleges

5  that it later became "evident that exculpatory evidence was withheld during the grand jury hearing,"

6  and as a result, the criminal charges were dropped on February 25, 2009.

7  **LEGAL STANDARD**

8      Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

9  the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

10 motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and

11 sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

12 statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

13 require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-

14 unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

15 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide

16 the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

17

18     [3] Plaintiff claims in the SAC that Defendant Harmon's report was prepared in retaliation for
19 Plaintiff's *verbal* complaints to Sergeant Velasco on the date of the incident:

20       Plaintiff inform[ed] Correctional Sergeant Velasco . . . that he was physically
      assaulted by Correctional Officers on his watch led by Def. Harmon, this was
21       verbally done and witness[ed] by Def. Harmon . . . .  Plaintiff inform[ed] [Sergeant
      Velasco] his [arm] was bleeding and needed to go back to the medical facility to
22       report this injury, this said in sight and hearing distance of Def. Harmon, who
      immediately took action and tackle[d] Plaintiff to the ground . . . .  This incident is
23       what Def. Harmon use[d] to falsely accuse Plaintiff of assault and submit a fabricated
      report (evidence) for criminal prosecution. . . .  Once Plaintiff inform[ed] Sgt.
24       Velasco that he was assaulted (verbal complaint) by Def. Harmon, Plaintiff did not
      expect retaliation in the form of criminal[] prosecut[ion], for he has a right not to
25       have any retaliation action taken once he made a complaint.

26 (SAC 2–3, ECF No. 9)  To the contrary, the "Staff Complaint Response - Appeal" memorandum,
attached as an exhibit to Plaintiff's SAC, references a staff complaint filed by Plaintiff on June 16, 2006.
27 (SAC Ex. D, at 23, ECF No. 9)  The memorandum indicates that Plaintiff sought the dismissal of the
Rule Violation Report because it was allegedly issued to him in retaliation for his June 16, 2006, staff
28 complaint. (*Id.*)  Notwithstanding this apparent inconsistency, on this motion to dismiss the Court
accepts as true the allegations of the SAC, and bases its analysis solely on those allegations, and not the
summary of Plaintiff's allegations as set forth in the memorandum concerning his administrative appeal.

3

1   formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

2   (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders

3   'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing

4   *Twombly*, 550 U.S. at 557).

5           "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

6   as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at

7   570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the

8   court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

9   (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must

10  be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely

11  consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting

12  *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained

13  in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial

14  experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do

15  not permit the court to infer more than the mere possibility of misconduct, the complaint has

16  alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a

17  complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense

18  clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214,

19  1219 (9th Cir. 1990) (internal quotations omitted).

20          Relevant here, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-*

21  *Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in

22  civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal

23  interpretation to a pro se civil rights complaint, however, a court may not "supply essential elements

24  of the claim that was not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266,

25  268 (9th Cir. 1982).

26          Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court

27  determines that the allegation of other facts consistent with the challenged pleading could not

28  possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

4

1   1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

2   1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend.

3   *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

4                                              **ANALYSIS**

5          Defendant Harmon moves to dismiss Plaintiff's SAC on the grounds that: (1) Plaintiff's

6   equal protection claims fail to state a claim upon which relief may be granted pursuant to Federal

7   Rule of Civil Procedure 12(b)(6); (2) Plaintiff's retaliation claim is barred by the applicable statute

8   of limitations and should be dismissed on the basis of res judicata;[4] and (3) Plaintiff's malicious

9   prosecution claims fail to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

10  **1.  Equal Protection Claims**

11         Plaintiff claims Defendant Harmon denied his right to equal protection under the Fourteenth

12  Amendment.  (*See* SAC 3, ECF No. 9)  Defendant Harmon moves to dismiss these claims on the

13  grounds that Plaintiff fails to allege any facts sufficient to support any of the required elements of an

14  equal protection claim.  (*See* MTD 5, ECF No. 14)

15         The Court agrees.  The Equal Protection Clause requires that persons who are similarly

16  situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).

17  An equal protection claim may be established by showing that defendants intentionally

18  discriminated against plaintiff based on his membership in a protected class, *Comm. Concerning*

19  *Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*,

20  345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated

21  differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of*

22  *Agriculture*, 553 U.S. 591, 601–02 (2008); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th

23  Cir. 2008).

24         Here, Plaintiff offers no factual support for his equal protection claim within his SAC, and he

25

26         [4] Defendant Harmon also raises for the first time in his reply brief an argument that Plaintiff's
27  retaliation claim is barred by the doctrine of res judicata. (*See* Reply in Supp. 3, ECF No. 16)  Because
    this issue was not raised in the initial moving papers, Plaintiff has not been given an opportunity to
28  respond to this argument.  *See Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008)
    ("Arguments raised for the first time in [the] reply brief are deemed waived.").  Accordingly, the Court
    **DENIES** Defendant's motion to dismiss on this basis at this time.

1  fails to rebut Defendant Harmon's argument in his opposition.  *See Starr v. Baca*, 652 F.3d 1202,

2  1216 (9th Cir. 2011) ("[A]llegations in a complaint . . . may not simply recite the elements of a cause

3  of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable

4  the opposing party to defend itself effectively.").  Plaintiff does not allege that he is a member of any

5  protected class, or that he was treated differently than any other inmate similarly situated.  Thus,

6  Defendant Harmon's motion to dismiss Plaintiff's equal protection claim is **GRANTED**, and

7  Plaintiff's equal protection claim is **DISMISSED WITHOUT PREJUDICE**.

8  **2.  Retaliation Claim**

9       Defendant Harmon moves for dismissal of Plaintiff's retaliation claim on the grounds that

10  Plaintiff's claim is barred by the applicable statute of limitations.  Because § 1983 contains no

11  specific statute of limitation, federal courts apply the forum state's statute of limitations for personal

12  injury actions.  *Lukovsky v. San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008); *Jones v. Blanas*,

13  393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v.*

14  *Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Effective January 1, 2003, the applicable California

15  statute of limitations for a personal injury claim is two years.  *Blanas*, 393 F.3d at 927 (citing Cal.

16  Civ. Proc. Code § 335.1).  Incarceration can toll the statute of limitations for a maximum of two

17  years.  Cal. Civ. Proc. Code § 352.1.  Thus, Plaintiff must have filed his retaliation claim within four

18  years of the date it accrued.

19       "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of

20  limitation begins to run, when the wrongful act or omission results in damages."  *Wallace v. Kato*,

21  549 U.S. 384, 397 (2007).  Unlike the length of the limitations period, "the accrual date of a § 1983

22  cause of action is a question of federal law that is not resolved by reference to state law."  *Id.* at 388.

23  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury

24  which is the basis of the action."  *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914; *Wilson v.*

25  *Garcia*, 471 U.S. 261, 267 (1985).

26       Here, Defendant Harmon contends that the accrual date for Plaintiff's retaliation claim is

27  June 11, 2006.  (MTD 5, ECF No. 14)  This is the date Plaintiff alleges he was in a physical

28  altercation with Defendant Harmon, (SAC 2, ECF No. 9), and the date that Defendant Harmon

1  submitted his allegedly false Crime/Incident Report, (SAC Ex. B, at 15,[5] ECF No. 9 (Crime/Incident

2  Report Part C - Staff Report (CDC 837-C), completed by Defendant Harmon and dated June 11,

3  2006)).  Based on the allegations of the SAC, this allegedly false report led to the issuance of a

4  Serious Rules Violation Report and referral of the matter to the Imperial County District Attorney's

5  Office for felony prosecution.  (*Id.* at 14)  Thus, argues Defendant Harmon, based on the date of this

6  Crime/Incident Report, Plaintiff's retaliation claim had to be filed on or before June 11, 2010.

7  (MTD 5, ECF No. 14)  But the original complaint in this matter was not filed until December 23,

8  2010—over six months after the limitations period had expired by Defendant Harmon's measure.

9  (*Id.*)

10      Defendant Harmon admits, however, that Plaintiff did not receive the Rules Violation Report

11  until "shortly []after" the allegedly false Crime/Incident report was filed.  (*Id.*)  Thus, Plaintiff's

12  retaliation claim may not have accrued until June 21, 2006—the date on which Plaintiff received the

13  Rules Violation Report (SAC 4, ECF No. 9)—and therefore knew or had reason to know of the

14  injury for the basis for the action, *Maldonado*, 370 F.3d at 955.  Even measuring the limitations date

15  from June 21, 2006, however, Plaintiff's complaint was not filed until over six months after the

16  limitations period expired.

17      But there is yet a third date by which the limitations period might be measured.[6]  Sometime

18  after Defendant Harmon filed his initial Crime/Incident Report, he was asked to supplement that

19  report to clarify how he was struck by Plaintiff.  (SAC Ex. B, at 16, ECF No. 9)  And, on September

20  22, 2006, Defendant Harmon submitted this supplemental information, clarifying that Plaintiff

21  "kicked [him] with his right foot on [his] upper left leg."  (*Id.* at 16–17)  Again, however, even

22  measuring the limitations date from September 22, 2006, the limitations period had expired three

23  months before Plaintiff filed his complaint.

---

[5] Pin cites to the exhibits to the SAC utilize the page numbers assigned by CM/ECF.

[6] Plaintiff advocates another, far later, accrual date: October 23, 2008, the date Plaintiff "was first aware of the criminal charge" against him.  (SAC 6, ECF No. 9)  Because Plaintiff acknowledges that the Rules Violation Report put him on notice that the "matter may be referred to the Imperial County District Attorney's Office for felony prosecution," however, the Court finds that Plaintiff knew had reason to know of the basis of his injury long before he became aware of the actual charges on October 23, 2008. (*Id.* at 4 (citing SAC Ex. B, at 14, ECF No. 9))

1    Nevertheless, Plaintiff is entitled to a tolling of the limitations period for the time it took for

2  him to exhaust his administrative remedies. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).[7]  It

3  appears from the documents submitted as exhibits to the SAC that Plaintiff filed his initial

4  administrative grievance at least by October 27, 2006, (SAC Ex. D, at 27, ECF No. 9

5  (Inmate/Parolee Appeal Form)), and that his administrative remedy was not exhausted until at least

6  June 15, 2007, (SAC Ex. D, at 28, ECF No. 9).  Regardless of which accrual date the limitations

7  period is measured by, this nearly eight-month period of additional tolling makes Plaintiff's

8  retaliation claim timely.  As such, Defendant Harmon's Motion to Dismiss Plaintiff's retaliation

9  claims on statute of limitations grounds is **DENIED**.

10  **3. Malicious Prosecution Claims**

11    Finally, Defendant Harmon seeks dismissal of Plaintiff's malicious prosecution claim,

12  arguing that Plaintiff failed to plead two of the essential elements of his § 1983 malicious

13  prosecution claim: (1) that the prior criminal proceeding terminated in his favor, and (2) that

14  Defendant Harmon acted maliciously or for the purpose of denying Plaintiff's specific constitutional

15  rights.[8]  (MTD 8, ECF No. 14)

16    In order to maintain a § 1983 action for malicious prosecution, Plaintiff must be able to

17  demonstrate that "the defendants prosecuted [him] with malice and without probable cause, and that

18

---

19    [7] Neither party addressed the tolling Plaintiff would receive while exhausting his administrative
20  remedies.  As such, neither party has had an opportunity to address the question whether any such
   tolling would apply consecutively to or concurrently with the applicable tolling under California Civil
21  Procedure Code section 352.1.  The Court finds, however, that this tolling should apply in addition to—
   rather than overlapping with—the tolling under section 352.1.  *See Brown*, 422 F.3d at 943 ("[T]he
22  applicable statute of limitations *must* be tolled while a prisoner completes the mandatory exhaustion
   process [required by 42 U.S.C. § 1997e(a)]." (emphasis added)); *Jewell v. Francis*, No. 10cv430, 2011
23  U.S. Dist. LEXIS 10487, at *6 (S.D. Cal. Feb. 3, 2011) (Battaglia, Mag. J.); *Elmore v. Arong*, No. S-07-
   1463, 2010 U.S. Dist. LEXIS 5774, at *6–7 (E.D. Cal. Jan. 26, 2010) (Brennan, Mag. J.).

24    [8] Defendant Harmon also seeks dismissal of Plaintiff's malicious prosecution claims based on
25  *Freeman v. Rideout*, 808 F.2d 949 (2nd Cir. 1986).  (MTD 9, ECF No. 14)  Contrary to Defendant
   Harmon's argument, *Freeman* does not hold that prisoners have no Fourteenth Amendment liberty
26  interest in remaining free from false or malicious disciplinary accusations; *Freeman* holds only that
   once a liberty interest has been implicated, disciplinary proceedings affecting that interest must satisfy
27  the requirements of due process as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  *Freeman*, 808
   F.2d at 951.  *Freeman* is also distinguishable due to the fact that the constitutional violation alleged in
28  that matter is a Fourteenth Amendment procedural due process claim, not a malicious prosecution claim.
   Plaintiff does not bring a Fourteenth Amendment due process claim in this action.

1 they did so for the purpose of denying [him] equal protection or another specific constitutional

2 right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).  Further, "[a]n individual

3 seeking to bring a malicious prosecution claim must generally establish that the prior proceedings

4 terminated in such a manner as to indicate his innocence." *Awabdy v. City of Adelanto*, 368 F.3d

5 1062, 1068 (9th Cir. 2004).  To constitute a favorable termination, "a dismissal in the interests of

6 justice [must] reflect[] the opinion of the prosecuting party or the court that the action lacked merit

7 or would result in a decision in favor of the defendant." *Id.*

8          As to the favorable termination requirement, Defendant Harmon asserts "Plaintiff admits that

9 the indictment was dismissed based upon Plaintiff's motion that the District Attorney and alleged

10 victim withheld exculpatory evidence from the Grand Jury," arguing that "[t]his dismissal on

11 technical grounds leaves some doubt concerning Plaintiff's innocence, and is, therefore, not a

12 favorable termination sufficient to allow a cause of action for malicious prosecution." (MTD 8, ECF

13 No. 14)  But—assuming the truth of the allegations of the SAC—it is not so clear to the Court that

14 the dismissal did not indicate Plaintiff's innocence.  Plaintiff alleges that "exculpatory evidence was

15 withheld during the grand jury hearing by Def. Harmon, acting in pro per Plaintiff file[d] a motion

16 for dismissal of the indictment to the Imperial County Superior Court, the court found Plaintiff's

17 version of the facts more plausible and rendered a dismissal of the criminal charges on February 25,

18 2009." (SAC 4, ECF No. 9)  And the minutes from the Superior Court of California indicate only

19 that the motion to set aside the indictment was granted, with no further explanation. (*See* SAC Ex.

20 D, at 19, ECF No. 9)  Thus, it could be either that the case was dismissed as a penalty for the

21 wrongful withholding of exculpatory evidence, or because that exculpatory evidence indicated

22 Plaintiff's innocence.  According to the SAC, however, "the court found Plaintiff's version of the

23 facts more probable," (SAC 4, ECF No. 9), indicating that dismissal was based on a determination of

24 Plaintiff's innocence, not on "technical grounds," (MTD 8, ECF No. 14).

25          As to the requirement that Plaintiff allege Defendant Harmon acted maliciously or for the

26 purpose of denying Plaintiff's specific constitutional rights, Defendant Harmon contends that

27 "Plaintiff alleges that Officer Harmon made the allegedly false accusations to clear himself from

28 Plaintiff's accusations of excessive force. . . . Therefore, Officer Harmon is not alleged to have lied

1  for the purpose of denying Plaintiff his constitutional right, but for the purpose of saving himself."

2  (MTD 8, ECF No. 14)  A careful review of the SAC defeats this argument, however.  Plaintiff

3  clearly alleges that Defendant Harmon filed the false report in retaliation for his verbal complaint to

4  Sergeant Velasco: "Once Plaintiff inform[ed] Sgt. Velasco that he was assaulted (verbal complaint)

5  by Def. Harmon, Plaintiff did not expect retaliation in the form of criminal[] prosecut[ion], for he

6  has a right not to have any retaliation action taken once he made a complaint."  (SAC 3, ECF No. 9)

7        For these reasons, Defendant Harmon's motion to dismiss Plaintiff's § 1983 malicious

8  prosecution claim is **DENIED**.

9                          **CONCLUSION**

10       For the reasons stated above, Defendant Harmon's motion to dismiss is **GRANTED IN**

11 **PART AND DENIED IN PART**.  Plaintiff's equal protection claim is **DISMISSED WITHOUT**

12 **PREJUDICE**; Defendant Harmon's motion is **DENIED** as to Plaintiff's remaining claims.

13       **IT IS SO ORDERED**.

14

15  DATED:  June 8, 2012

16                                   _____
                                     Honorable Janis L. Sammartino
17                                   United States District Judge

18

19

20

21

22

23

24

25

26

27

28

10cv2663 JLS (JMA)